Ronald L. Richman, SBN 139189
E-Mail: ron.richman@bullivant.com
Susan J. Olson, SBN 152467
E-Mail: susan.olson@bullivant.com
Edward D. Winchester, SBN 271500
E-Mail: edward.winchester@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>HALF MOON BAY GRADING & PAVING, INC., a California corporation; and GARY LEE GIOVANNONI SR., an individual,<br><br>Defendant. | Case No.: CV 13 5970 MEJ<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; ORDER THEREON**<br><br>Date:     March 27, 2014<br>Time:    10:00 a.m.<br>Ctroom:  B, 15th Floor<br>              Hon. Maria-Elena James |

Plaintiffs Laborers Trust Funds respectfully request the Court postpone the March 27, 2014 Case Management Conference for 60 days on the following grounds:

On December 27, 2014, Plaintiffs filed their Complaint for Damages for Breach of Collective Bargaining Agreement, To Recover Unpaid Trust Fund Contributions, for Breach of Fiduciary Duty, and for a Mandatory Injunction.

On January 21, 2014, Defendant Half Moon Bay Grading & Paving, Inc. ("Half Moon Bay") was served with the complaint. Half Moon Bay failed to file a responsive pleading prior to the February 24, 2014 deadline.

On February 21, 2014, Defendant Gary Lee Giovannoni Sr. was served with the complaint. Mr. Giovannoni has until March 24, 2014 to file a responsive pleading.

On March 10, 2014, Defendants contacted the Plaintiffs and expressed a willingness to resolve this matter outside of court. The parties are now in negotiations to resolve the matter.

Based on the above, Plaintiffs respectfully request that this Court postpone the March 27, 2014 Case Management Conference for 60 days to allow the parties to resolve the matter informally.

DATED: March 20, 2014

BULLIVANT HOUSER BAILEY PC

By ____/s/ Edward D. Winchester____
Ronald L. Richman
Susan J. Olson
Edward D. Winchester

Attorneys for Plaintiffs

## ORDER

Plaintiff Laborers Trust Funds having requested that the Case Management Conference be postponed 60 days to allow the parties to informally resolve the matter and good cause appearing:

IT IS HEREBY ORDERED that the Case Management Conference shall be scheduled for May 29, 2014 at 10:00 a.m., Courtroom B, 15th Floor. The parties are required to submit a Case Management Conference Statement seven (7) days prior to the new Case Management Conference advising this Court as to the status of the parties' informal attempts to resolve the dispute.

DATED: March 20, 2014

By _____
HON. MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

*Board of Trustees of the Laborers H&W Trust Fund, et al. v. Half Moon Bay Grading & Paving, Inc., et al.*
USDC, N.D. Cal. Case No.: CV 13 5970 MEJ

## PROOF OF SERVICE

I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey, PC ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of 18 and not a party to this action. On March 20, 2014, I served the document(s) entitled:

**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; ORDER THEREON**

upon the following party(ies):

| Half Moon Bay Grading & Paving, Inc.<br>1780 Higgins Canyon Rd.<br>Half Moon Bay, CA 94019 | Gary Lee Giovannoni Sr.<br>Half Moon Bay Grading & Paving, Inc.<br>1780 Higgins Canyon Rd.<br>Half Moon Bay, CA 94019 |
|---|---|

(X) **BY MAIL** (CCP § 1013(a)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

( ) **BY ELECTRONIC TRANSFER**: I caused all of the pages of the above-entitled document to be sent to the recipients indicated via email at the respective email address(es). This document was transmitted by email and transmission reported without error.

( ) **BY FACSIMILE TRANSMISSION** (CCP § 1013(e), CRC 2.306): I transmitted the document(s) by facsimile transmission by placing it(them) in a facsimile machine (telephone number 415-352-2701) and transmitting it(them) to the facsimile machine telephone number(s) listed above. A transmission report was properly issued by the transmitting facsimile machine. Each transmission was reported as complete and without error. A true and correct copy of the transmission report is attached hereto.

( ) **BY OVERNIGHT DELIVERY** (CCP § 1013(c)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

14542167.1

– 1 –

PROOF OF SERVICE

1  ( )   BY PERSONAL SERVICE UPON AN ATTORNEY (CCP § 1011(a)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

( )   BY HAND  Pursuant to Code of Civil Procedure § 1011, I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date. A proof of service by hand executed by the courier shall be filed/lodged with the court under separate cover.

( )   BY PERSONAL SERVICE UPON A PARTY (CCP § 1011(b)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a person of not less than 18 years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

   I declare under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2014, at San Francisco, California.

*[signature]*
Debora J. Fong

\*\*\*\*\*

14542167.1

— 2 —

PROOF OF SERVICE